DECISION AND JUDGMENT ENTRY
Robert Wayne Carter appeals the trial court's denial of his petition for postconviction relief. Carter asserts that the Pike County Court of Common Pleas should have granted his petition for postconviction relief because he proved that he did not receive effective assistance of counsel. Because Carter did not present any evidence outside the record pertaining to his counsel's effectiveness, res judicata governs our analysis, and we overrule his assignment of error. Carter also asserts that the trial court erred by denying his motion for a new trial, because he produced new evidence, which he was unavoidably prevented from discovering prior to trial. Because Carter pled guilty, and thereby waived his right to trial, we disagree. Finally, Carter asserts that the trial court erred in denying Carter's motion to withdraw his guilty plea. We disagree, because Carter did not prove that his guilty plea resulted in a manifest injustice. Accordingly, we affirm the judgment of the trial court.
 I.
Pursuant to a plea agreement, Carter pled guilty to raping a twelve-year-old boy. After determining that his plea was knowing, intelligent and voluntary, the trial court found Carter guilty and sentenced him to six years incarceration. Carter filed an appeal more than thirty days after the trial court sentenced him, and we dismissed his appeal as untimely.
After Carter's conviction, Carter learned that his friend, Donald P. Seymour, was serving a felony theft sentence in the same penitentiary. Seymour told Carter that he met Carter's victim while playing basketball at a trailer court, and that Carter's victim told Seymour that he gave police false information concerning the rape charges against Carter. Seymour agreed to sign an affidavit about his conversation with Carter's victim.
Carter filed a petition for postconviction relief and attached Seymour's affidavit. Carter acknowledged that he did not file his petition within the time limits set by R.C. 2953.21, but asked the court to consider it pursuant to R.C. 2953.23, because the affidavit constituted new evidence that Carter was unavoidably prevented from discovering sooner.
In his petition, Carter alleged that his trial counsel was ineffective because he did not inform Carter of the consequences of his plea under sexual predator laws. Additionally, Carter requested a new trial pursuant to Crim.R. 33 based upon the new evidence that he was unavoidably prevented from discovering prior to entering his plea. Finally, Carter moved to withdraw his guilty plea pursuant to Crim.R. 32 in order to remedy the manifest injustice that would result if his conviction were to stand despite the victim's recantation.
The trial court denied Carter's motion for a new trial and held a hearing on his petition for postconviction relief and motion to withdraw his guilty plea. At the hearing, Carter testified that he never would have pled guilty to rape if his attorney had explained that the state would label him as a sexual predator. Carter also testified that he did not know that Seymour possessed exculpatory evidence until after he entered his plea. Seymour testified to the accuracy of the information he provided to Carter.
The trial court denied Carter's petition and motion to withdraw his guilty plea. Carter appeals, asserting the following assignments of error:
 I. The trial court erred in denying defendant's petition for post-conviction relief.
 II. The trial court erred in denying defendant's motion for a new trial.
 III. The trial court erred in denying defendant's motion to withdraw guilty plea.
 II.
In his first assignment of error, Carter asserts that the trial court's denial of his petition for post-conviction relief was arbitrary, unreasonable, or unconscionable because he did not receive effective assistance of counsel at trial. Pursuant to R.C. 2953.21, a convicted defendant who claims a denial of his constitutional rights may seek to compel the trial court to vacate the judgment. Such an action constitutes a petition for postconviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158,160.
To prevail on a petition for postconviction relief, the defendant must: (1) present evidence from outside the trial record, and (2) allege an error that deprived him of a constitutional right. Res judicata bars claims for postconviction relief that are based on allegations the petitioner raised or could have raised at trial or on direct appeal. State v. Perry
(1967), 10 Ohio St.2d 175. In Perry, the Ohio Supreme Court held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id. at paragraph nine of the syllabus (Emphasis added). See, also, State v. Reynolds (1997), 79 Ohio St.3d 158, 161.
Since a petitioner could have raised on direct appeal any claim that he supports only with the record, a trial court may dismiss a petition for relief when the petitioner fails to produce evidence outside the record to support his claim. State v. Kapper
(1983), 5 Ohio St.3d 36, 38; State v. Jackson (1980), 64 Ohio St.2d 107,111.
In this case, Carter produced evidence from outside the record in the form of Seymour's affidavit. Additionally, Carter alleged a constitutional error; specifically, that he did not receive effective assistance of counsel. However, Carter did not produce evidence from outside the record that supports his claim. Carter alleged that his trial counsel was incompetent because he failed to inform Carter about sexual predator laws. The evidence outside the record that Carter produced does not relate in any way to whether counsel informed Carter about sexual predator laws. Thus, because Carter failed to produce evidence outside the record that supports his claim, he could have raised his claim on direct appeal. Therefore, res judicata applies, and the trial court did not abuse its discretion by denying Carter's petition.
Accordingly, we overrule Carter's first assignment of error.
 III.
In his second assignment of error, Carter argues that the trial court erred by denying his motion for a new trial. Carter contends that he is entitled to a new trial pursuant to Crim.R. 33(A)(6) because he presented new evidence in the form of Seymour's affidavit.
Crim.R. 33(A)(6) provides that the trial court may grant the defendant a new trial if it finds that the defendant's substantial rights are materially affected "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the time of trial." Carter contends that Seymour's affidavit constitutes just the type of evidence contemplated by the rule. However, we find that we need not examine the evidence Carter produced, because he never had a trial.
In using the term "new trial," Crim.R. 33 implicitly applies only to cases in which a trial has occurred. A defendant waives his right to a trial by pleading guilty. He further waives all appealable errors that may have occurred at trial, unless such errors prevented the defendant from voluntarily entering his plea. State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus, citing Crim.R. 11 and Boykin v. Alabama (1969),395 U.S. 238, 243.
In this case, the trial court explained all of Carter's constitutional rights to him prior to accepting his guilty plea. Thus, Carter voluntarily waived his right to a trial and waived all appealable errors that may have occurred at a trial. The proper mechanism for a defendant to request a trial after he has pled guilty is through a Crim.R. 32.1 motion to withdraw a guilty plea, not through a Crim.R. 33 motion for a new trial. In short, Carter cannot be entitled to a new trial because he never had a trial.
Accordingly, we overrule Carter's second assignment of error.
 IV.
In his third assignment of error, Carter asserts that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Carter contends that, based upon the new evidence he has presented, he must be permitted to withdraw his guilty plea in order to correct a manifest injustice.
A defendant who seeks to withdraw a guilty plea after imposition of sentence has the burden of a establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261. A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and our review of a trial court's denial of a post-sentence motion to withdraw is limited to a determination of whether the court abused its discretion. State v. Early, (Aug. 14, 1998), Knox App. No. 97CA27, unreported; see, also, State v. Blatnik (1984),17 Ohio App.3d 201. Therefore, we will not reverse the trial court's decision unless it appears the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
At Carter's hearing, Seymour testified that he asked Carter's victim, a twelve-year-old boy, whether Carter raped him. The victim allegedly stated that he did not want to discuss the matter, but eventually told Seymour that he falsely accused Carter of "that stuff" in order to convince his parents that he was not "guilty" or that "it wasn't his fault." We find that the exculpatory value of Seymour's testimony is at best ambiguous and questionable, and that the testimony may even incriminate Carter. Additionally, we note that the state offered significant testimony to impeach Seymour's credibility. Despite Seymour's knowledge of the alleged recantation in December 1997, he did not inform the court, the police, the prosecutor, or Carter until after Carter pled guilty in May 1998. Seymour and Carter both have been convicted for felony theft offenses. Carter acknowledged that a state's witness testified at the preliminary hearing that she observed Carter rape the young boy, and that Carter possessed no evidence that the witness fabricated her testimony.
Upon review, we find that the trial court's judgment was not arbitrary, unreasonable or unconscionable. The trial court did not abuse its discretion when it determined that Carter failed to demonstrate that a manifest injustice will result if he is not permitted to withdraw his guilty plea. Accordingly, we overrule Carter's final assignment of error.
 V.
In conclusion, we find that the trial court did not abuse its discretion when it denied Carter's petition for postconviction relief, motion for a new trial, and motion to withdraw his guilty plea. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
EVANS, J: Concur in Judgment and Opinion.
HARSHA, J: Concurs in Judgment and Opinion as to A/E II and A/E III. Concurs in Judgment Only as to A/E I.
For the Court
BY: _______________________________ ROGER L. KLINE, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.